per curiam:
This is a pro se request by plaintiffs for interlocutory review, under Rule 53(c)(2)(ii), of an order of the trial judge denying plaintiffs’ motion for call under Rule 75. The trial judge has not certified his order for review under Rule 53(c)(2)(i).
The request for review is wholly inadequate, making it almost impossible for the court to determine plaintiffs’ alleged grievance and the relation of the proposed call to it. So far as we can tell (with the aid of defendant’s response to the request for review), the claim is that one Bertrom Stafford, alleged to be an agent of the Treasury Department, executed an agreement on behalf of the United States which was breached to plaintiffs’ damage. Defendant has denied that said Stafford is or was its agent. The motion for call sought voluminous documents in the Government’s possession relating to said Stafford, to the plaintiffs, to other persons and entities. Defendant objected that plaintiffs had not shown "good cause” for the call, as expressly required by Rule 75(a). On its face the motion for call does not show any "good cause”. The trial judge denied the motion for call without comment.
We reject the request for review on these grounds: (a) it wholly fails to meet the requirements specified in Rule 53(c)(3)(ii) to be contained in a proper request for interlocutory review; (b) it wholly fails to contain any facts or circumstances showing the "extraordinary circumstances” required by Rule 53(c)(2)(ii) for interlocutory review of an uncertified order of the trial judge; (c) on the papers presented to us we are wholly unable to say that the trial judge was incorrect in denying plaintiffs’ motion for call.
Accordingly, without oral argument, plaintiffs’ request for interlocutory review is denied.